**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-33051 |
| DARIUS JUSAITIS and LINA CONNER, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| JOHN T. BURHANS and ROBIN L. BURHANS, ) | |
| individually and as Trustees of Burhans Family ) | |
| Trust, ) | |
| ) | |
| Plaintiffs, ) | Adversary Proceeding |
| ) | No. 13-00051 |
| vs. ) | |
| ) | |
| DARIUS JUSAITIS and LINA CONNER, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED ADVERSARY COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBTS UNDER 11 U.S.C. § 523 (a)(2) AND (4)**

NOW COME the Petitioners, JOHN T. BURHANS and ROBIN L. BURHANS, individually and as Trustees of Burhans Family Trust, by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorneys, and petitions the Court, pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), for the limited purpose of determining that certain debts owed to the Plaintiffs are non-dischargeable. In support thereof, Plaintiffs state as follows:

**BACKGROUND**

1. This adversary proceeding arises out of the Defendants' Chapter 7 Case No. 12-33051, filed on August 21, 2012. Plaintiffs claim certain debts of the Defendants owing to Plaintiffs are not dischargeable in Bankruptcy pursuant to 11 U.S.C. § 523, namely portions of a Judgment entered in Berrian County, Michigan.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Plaintiffs are residents of Berrien County, Michigan and the co-owners of the property at 2732 Mizpah Park Road, Benton Harbor, Michigan 49022.

5. Defendant Darius Jusaitis is a resident of Glen Ellyn, Illinois and former owner of the property at 2732 Mizpah Park Road, Benton Harbor, Michigan 49022.

6. The Defendant Lina Conner is a resident of Glen Ellyn, Illinois and the spouse of the Defendant Darius Jusaitis. She is also a former owner of the property at 2732 Mizpah Park Road, Benton Harbor, Michigan 49022.

## COUNT I – UNJUST ENRICHMENT

7. Plaintiffs incorporate and reallege Paragraphs 1-6 above, as if fully restated herein.

8. In August, 2005, the Plaintiffs purchased the properties at 2714 and 2732 Mizpah Park Road.

9. On November 10, 2005, the Plaintiffs conveyed to Juco Group, LLC, owned by Defendant Darius Jusaitis, 2732 Mizpah Park Road by warranty deed.

10. As part of the warranty deed, Plaintiffs and Juco Group, LLC executed a Grant of Easement providing certain benefits to the Plaintiffs as owner of the adjacent 2714 Mizpah Park Road.

11. The Plaintiffs as grantee purchased an easement from the grantor, Juco Group, across grantor's land, which burdened the grantor's parcel for the benefit of the grantees' adjacent parcel, to permit access to the only nearly staircase leading to the beach on Lake Michigan traversing the grantor's land.

12. The Grant of Easement provided in part as follows:

> 6. CONDITION AND MAINTENANCE. Both Grantor and Grantee acknowledge that the staircase to the beach located on said easement is in need of repair, and Grantee agrees to be responsible for the payment of one half (1/2) of the expense for such initial repairs. However, said sum for which Grantee is responsible shall not exceed the sum of $2,000.00. Any and all other costs for said initial repairs, as well as any expense for future repairs or maintenance of any kind, shall be the sole responsibility of the Grantor. The Grantor shall at all times be solely responsible for maintaining the entire easement and shall not allow it to become unsightly or a nuisance. The Grantor shall also ensure that said easement is maintained in a condition that allows Grantee at all times to safely access the beach by way of the staircase.
>
> 7. INTEREST IN REALTY. The right-of-way is to be a right-of-way/easement over the burdened premises for the use and benefit of the benefitted premises and is to be an appurtenance to the benefitted property and run with the land.
>
> 8. WARRANTY. The Grantor warrants that it has good and marketable title to the easement/right-of-way.
>
> 9. REMEDIES. In the event of a breach of the terms of this easement by a party hereto, the other party shall be authorized to proceed with any remedy available under the laws of the State of Michigan, or in equity. Such remedies shall include, but not limited to, the right to seek damages and to pursue specific performance.

13. On June 27, 2006, Juco Group conveyed 2732 Mizpah Park Road to Egle Rakauskaite.

14. On August 3, 2006, Egle Rakauskaite conveyed 2732 Mizpah Park Road to Egle Rakauskaite and Defendant Darius Jusaitis as tenants in common. While Defendant Egle

3

Rakauskaite owned the property at 2732 Mizpah Park Road, the staircase in question was damaged.

15. During excavation work on the Defendants' parcel in 2006, Defendants' subcontractor, Fred M. Ott and Sons, Inc., discovered a large block of concrete connected to underground cables that were used to support the staircase leading to the beach which was part of the Grant of Easement.

16. The cables anchored and supported the staircase on the property leading down the bluff to Lake Michigan. The cables were cut by the Defendants' subcontractor in 2006.

17. In the spring of 2007, Defendants Darius Jusaitis and Lina Conner discovered that the anchor cables had been cut after observing that the formally straight wooden staircase leading down to Lake Michigan moved and was broken beyond repair.

18. By letter dated August 2, 2007, Plaintiffs inquired of Defendant Darius Jusaitis and Juco Group about the staircase and when repairs would be completed. No Defendant responded.

19. On July 20, 2007, Egle Rakauskaite, Darius Jusaitis and Lina Conner, as tenants in common, conveyed to the Defendants Darius Jusaitis and Lina Conner, husband and wife, the subject property at 2732 Mizpah Park Road.

20. The Condition and Maintenance clause in paragraph 6 of the Grant of Easement between the Plaintiff and original grantee, Juco Group, runs with the land.

21. Plaintiffs fulfilled their obligation under the Grant of Easement by paying Defendant Juco group and Defendant Darius Jusaitis the sum of $2,000.00 at the November 10, 2005 closing.

22. On January 8, 2009, pursuant to foreclosure proceedings, the property owned by the Defendants was sold by a Sheriff's Deed on Mortgage Sale.

23. The Sheriff's Deed on Mortgage Sale conveyed and sold 2732 Mizpah Park Road to National City Mortgage, now known as PNC Mortgage.

24. The cost of repair of the staircase was approximately $129,000.00.

25. In January, 2008, Defendant Darius Jusaitis sued Fred M. Ott and Sons, Inc. for negligence and breach of contract relating to severing the cables anchoring and supporting the staircase on their property at 2732 Mizpah Park Road.

26. On or about September, 2008, the Defendants Darius Jusaitis and Lina Conner received compensation from Fred M. Ott and Sons, Inc. in an amount in excess of $60,000.00, while still owning the subject property.

27. From the time of receiving compensation for damage to the staircase until the eviction of Defendants Darius Jusaitis and Lina Conner due to foreclosure, the Defendants neither spent nor did anything to repair the staircase leading to the beach which is contained within the Grant of Easement.

28. The Defendants received a benefit from the Plaintiffs in the form of a payment to repair the staircase.

29. The Defendants were obligated to repair the damage to the staircase pursuant to the terms of the Grant of Easement.

30. Despite receiving the benefit described above from the Plaintiffs, Defendants failed or refused to make the necessary repairs to the staircase.

31. Defendants failed or refused to make repairs to the staircase even though they received a substantial settlement for the damage to the staircase caused by their subcontractor.

5

32. Defendants have spent none of the settlement monies on the repair of the staircase nor did they do anything to repair the damage.

33. Defendants have been unjustly enriched by retaining the benefit provided by the Plaintiffs resulting in an inequity to the Plaintiffs.

34. Plaintiffs sought money damages for the repair and maintenance of the staircase as well as the loss of its use in an amount in excess of $129,000.00, the cost of replacement of the staircase. They received a default judgment in the amount of $188,990.00 in the Trial Court of Berrian County, Michigan (hereinafter "the Judgment," attached hereto as Exhibit "A"), which qualifies as a "debt" under 11 U.S.C. § 523(a).

35. The Defendants' actions, as alleged in Count III of the Second Amended Complaint ("Unjust Enrichment"), demonstrate willfulness on the part of the Defendants, in that they deliberately failed to protect Plaintiffs' property rights, and deliberately caused Plaintiff's injuries.

36. Defendants desired that the nuisance that resulted in Plaintiffs' injuries would occur, and/or Defendants knew their actions that caused the unjust enrichment that was the subject of Count III of the Second Amended Complaint were substantially certain to cause said nuisance.

37. The Defendants' actions, as alleged in Count III of the Second Amended Complaint ("Unjust Enrichment"), also demonstrate maliciousness on the part of the Defendants, in that they consciously disregarded their duties to protect Plaintiffs' property rights, and said conscious disregard was without any just cause or excuse.

38. The amounts representing the Judgment from Count II (nuisance) and Count III (unjust enrichment) exceed $45,000.00 with interest included.

39. The Judgment for the Count involving unjust enrichment, based on the facts alleged above, is not dischargeable in bankruptcy as it is an intentional tort and/or fraudulent act pursuant to 11 U.S.C. § 523(a)(2) or (4).

40. Plaintiff requests that this Court hold that that portion of the Judgment representing Count III be held non-dischargeable in bankruptcy.

WHEREFORE, the Plaintiffs, JOHN T. BURHANS and ROBIN L. BURHANS, individually and as Trustees of Burhans Family Trust, respectfully requests that this Court enter a judgment in favor of the Plaintiffs and against the Defendants, DARIUS JUSAITIS and LINA CONNER, in the amount of $45,000 plus costs and interest and order that this portion of the April 25, 2011 Judgment be held as non-dischargeable debt. Plaintiffs also request the automatic stay in the Circuit Court of DuPage County, Illinois, be lifted, a recoupment of all costs expended in prosecuting this action, and any and all further relief as this Court deems just and proper.

## COUNT II – WILLFUL NUISANCE

1-40. Plaintiffs incorporate and reallege Paragraphs 1 through 40, above, as if fully restated herein.

41. Defendants caused a nuisance by failing to repair or maintain the staircase in a safe, fit and usable condition.

42. Defendants owned or controlled the property from which the nuisance arose and at the time it arose.

43. Plaintiffs have had at all relevant times property rights and privileges in respect to the use or enjoyment of the staircase which have been interfered with.

7

44. The acts and omissions of the Defendants have resulted in significant harm to the staircase and Plaintiffs' easement.

45. The acts and omissions of the Defendants were the cause of the damage to the staircase.

46. The damage was the result of negligent or reckless conduct by the Defendants.

47. The actions of the Defendants have unreasonably interfered with the Plaintiffs' occupation or use of their easement.

48. Defendants have created a public and private nuisance in allowing the staircase to be damaged and/or in not repairing it.

49. Plaintiffs received a judgment against the Defendants on April 25, 2011 in the amount of $188,990.00 in the Trial Court of Berrian County, Michigan (hereinafter "the Judgment," attached hereto as Exhibit "A"), which qualifies as a "debt" under 11 U.S.C. § 523(a).

50. The Defendants' actions, as alleged in Count II of the Second Amended Complaint ("Nuisance"), demonstrate willfulness on the part of the Defendants, in that they deliberately failed to protect Plaintiffs' property rights, and deliberately caused Plaintiff's injuries.

51. Defendants desired that the nuisance that resulted in Plaintiffs' injuries would occur, and/or Defendants knew their actions that caused the nuisance that was the subject of Count II of the Second Amended Complaint were substantially certain to cause said nuisance.

52. The Defendants' actions, as alleged in Count II of the Second Amended Complaint ("Nuisance"), also demonstrate maliciousness on the part of the Defendants, in that

8

they consciously disregarded their duties to protect Plaintiffs' property rights, and said conscious disregard was without any just cause or excuse.

53. The amounts representing the Judgment from Count II (nuisance) and Count III (unjust enrichment) exceed $45,000.00 with interest included.

54. The Judgment for the Count involving nuisance, based on the facts alleged above, is not dischargeable in bankruptcy as it is an intentional tort and/or fraudulent act pursuant to 11 U.S.C. § 523(a)(2), (4) or (6).

55. Plaintiff requests that this Court hold that that portion of the Judgment representing Count II be held non-dischargeable in bankruptcy.

WHEREFORE, the Plaintiffs, JOHN T. BURHANS and ROBIN L. BURHANS, individually and as Trustees of Burhans Family Trust, respectfully requests that this Court enter a judgment in favor of the Plaintiffs and against the Defendants, DARIUS JUSAITIS and LINA CONNER, in the amount of $45,000 plus costs and interest and order that this portion of the April 25, 2011 Judgment be held as non-dischargeable debt. Plaintiffs also request the automatic stay in the Circuit Court of DuPage County, Illinois, be lifted, a recoupment of all costs expended in prosecuting this action, and any and all further relief as this Court deems just and proper.

Dated: November 3, 2013                                  Respectfully submitted,


                                                          /s/ David G. Sigale
                                                          Attorney for Plaintiffs

David G. Sigale, Esq. (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

9