IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DARIUS JUSAITIS and LINA CONNER<br><br>    Debtors.<br><br>JOHN T. BURHANS and ROBIN L. BURHANS, individually and as Trustees of the Burhans Family Trust,<br><br>    Plaintiffs,<br><br>-v-<br><br>DARIUS JUSAITIS and LINA CONNER,<br><br>    Defendants. | Chapter 7<br><br>Case No. 12 B 33051<br><br>Judge Donald R. Cassling<br><br><br><br>Adv. No. 13 A 00051 |

TO:    David G. Sigale, Esq.
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, Illinois 60137-5877

davidsigale@sigalelaw.com

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Friday, December 13, 2013, at 10:00 a.m., I shall appear before United States Bankruptcy Court Judge Donald R. Cassling, or anyone sitting in his stead, in courtroom number 4016, at the Du Page County, (Illinois), Courthouse, which is located at 505 North County Farm Road; Wheaton, Illinois 60187-3907, and then and there I shall present **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS UNDER 11 U.S.C. §§ 523(a)(2), (4), and (6)**, ("motion to dismiss"), a true and complete copy is attached hereto.

## **CERTIFICATE OF SERVICE**

    I, Nicholas C. Kefalos, an attorney, hereby certify that on the 11th day of December 2013, a true and complete copy of the motion to dismiss, as identified herein, was served electronically upon the above listed counsel of record, as identified herein, via the Bankruptcy Court's CM/ECF system.

        Respectfully submitted,

        DARIUS JUSAITIS and LINA CONNER,
        Defendants

        By: s/Nicholas C. Kefalos_____,
              One of their attorneys.

Dated: December 11, 2013

Nicholas C. Kefalos, P.C.
VERNOR MORAN, LLC
27 North Wacker Drive, Suite 2000
Chicago, Illinois 60606-2800
(312) 264-4460  (office)
(312) 264-4461  (fax)

nkefalos@vernormoran.com


IL ARDC No. 6270051

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DARIUS JUSAITIS and LINA CONNER | ) | Case No. 12 B 33051 |
| | ) | |
| Debtors. | ) | Judge Donald R. Cassling |
| | ) | |
| JOHN T. BURHANS and ROBIN L. BURHANS, individually and as Trustees of the Burhans Family Trust, | ) ) ) ) | |
| Plaintiffs, | ) ) | Adv. No. 13 A 00051 |
| -v- | ) ) | |
| DARIUS JUSAITIS and LINA CONNER, | ) ) | |
| Defendants. | ) | |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS UNDER 11 U.S.C. §§ 523(A)(2), (4), AND (6)**

Defendants, DARIUS JUSAITIS and LINA CONNER, by and through their attorneys of the law firm Vernor Moran, LLC, bring forth this motion to dismiss, brought under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, and, for this motion to dismiss for failure to state a claim for which relief may be granted, Defendants state as follows:

1.      Plaintiffs filed a second amended adversary complaint to determine dischargeability of debts under 11 U.S.C. §§ 523(a)(2), (4), and (6), ("second amended complaint"), (Docket No. 38), which Defendants now seek to have dismissed with prejudice, as the two adversary complaints were previously dismissed without prejudice. But this time, for the reasons stated herein, Defendants seek to have this

3

Court grant this motion to dismiss with prejudice.

2. The second amended complaint is comprised of two counts. Count one is entitled "unjust enrichment", (Docket No. 38 at p. 2), and count II is entitled, "willful nuisance"[1]. (Docket No. 38 at p. 7). Further, attached to the second amended complaint, (Docket No. 38-1), is what appears to be a judgment entered by a court in Berrien County, Michigan, ("state court judgment"), and the state court judgment that is attached to the second amended complaint is improperly relied upon and referenced throughout the second amended complaint as a basis for this Court to grant Plaintiffs relief under 11 U.S.C. §§ 523(a)(2), (4), and (6). Examples of the improper reliance or references made are found at: Docket No. 38 at p.1, ¶ 1;  Docket No. 38 at p.7, ¶ 40; Docket No. 38 at p.7, prayer for relief ¶; Docket No. 38 at p.8, ¶ 49; Docket No. 38 at p.9, ¶¶ 53-55; and, Docket No. 38 at p.9, prayer for relief ¶.

3. But this reliance on the state court judgment is again improper and misplaced because this Court has previously ruled that the state court judgment "would have no preclusive effect in this adversary proceeding"[2] is law of the case, which ruling this Court has made abundantly clear on the record, by count, on no less than three separate occasions, namely, once during a hearing held on May 10, 2013, once during a hearing held on June 28, 2013, and again, during the course of a hearing held on October 4, 2013.

4. For the reasons previously provided to Plaintiffs, i.e., within Defendants previous motion to dismiss, (Docket No. 32 at p. 4. ¶¶ 2-4) which motion to dismiss was granted by this Honorable Court, wherein it was stated that the doctrine of law on the case provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." In re: CMGT, Inc., 384 B.R. 497, 508 (Bankr.N.D.Ill.2008)(quoting, Christianson v. Colt Indus.

---

[1] Michigan law recognizes either a public or a private nuisance. Plaintiffs appear to try to make out a claim for private nuisance because they appear to be seeking enforcement of a private right to enforce rights to an easement that no longer exists. See e,g,Adkins v. Thomas Solvent Co., 440 Mich. 293, 302-303 (Mich.Sup.Ct.1992).

[2] Reference to the record, "it is my ruling that … the state court judgment … would have no preclusive effect in this adversary proceeding" can be found at Docket No. 32-1 at p.3; Hr'g Tr. 3:9-12, May 10, 2013; Exhibit "A" at p.3: ln.s 9-12.

Operating Corp., 486 U.S. 800, 816 (1988). Thus, as was stated previously, a prior ruling with respect to the same issue and the same parties in the same case is conclusive. In re: CMGT, Inc., 384 B.R. at 509 citing, Butera v. Apfel, 173 F.3d 1049, 1053 (7th Cir.1999). Hence, the second amended complaint cannot rely on the state court judgment. To the contrary, the second amended complaint succeeds or fails on whether Plaintiffs adequately plead a claim for relief under a theory of unjust enrichment or under a private nuisance in the second amended complaint, standing alone, without any reliance on the state court judgment, which Plaintiffs have not done.

5. The principal problem with the second amended complaint are the facts that are pled by the Plaintiffs. Namely, Plaintiffs allege that they are the current owners of a home located at 2732 Mizpah Park Road; Benton Harbor, Michigan, ("the residence"), (Docket No. 38 at p. 2. ¶ 4); that on July 20, 2007, the residence was conveyed by Plaintiffs to Defendants, (Docket No. 38 at p. 4. ¶ 19); that on January 8, 2009, the residence owned by Defendants was sold by a sheriff's deed on mortgage sale, (Docket No. 38 at p. 5. ¶ 22); that the sheriff's deed on mortgage sale conveyed and sold the residence to National City Mortgage, now known as PNC Mortgage. (Docket No. 38 at p. 5. ¶ 23).

6. The second amended complaint is not clear from whom the Plaintiffs purchased the residence, but as pled, the Plaintiffs either purchased the residence from PNC Mortgage, after the residence was foreclosed on; or, Plaintiffs purchased the residence from someone who purchased the residence from Defendants' mortgagee after the residence was foreclosed on. Either way, Plaintiffs have pled themselves out of any relief for which this Court can grant relief.

7. The reason Plaintiffs cannot plausibly be granted relief under a theory of unjust enrichment or private nuisance is because the residence was purchased by Defendants' mortgagee, PNC Mortgage, at a foreclosure sale, and under Michigan law, at a foreclosure sale, a party purchases real estate subject to the condition of the property, and the rule of *caveat emptor* applies. Janower v. F.M. Sibley Lumber Co., 245 Mich. 571,573 (Mich. Sup.Ct.1929); Pulleyblank v. Cape, 179 Mich.App. 690,

696 (Mich.App.Ct.1989). In other words, the law is: buyer beware; you buy property at a sheriff's sale in the condition you find the property to be in.

8. Even worse for Plaintiffs is the fact that they plead, "[b]y letter dated August 7, 2007, Plaintiffs inquired of Defendant[] Darius Jusaitis … about the staircase and when repairs would be completed." (Docket No. 38 at p. 4. ¶ 18). So by this admission, Plaintiffs knew that the staircase needed to be repaired. Yet armed with this knowledge, Plaintiffs still purchased the residence sometime after the residence was purchased by PNC Mortgage at foreclosure sale on January 8, 2009. (Docket No. 38 at p. 5. ¶ 22.)

9. Problem for Plaintiffs is the fact that they either purchased the residence from PNC Mortgage directly, or Plaintiffs purchased the residence from someone who themselves purchased the residence from PNC Mortgage. Either way, it really doesn't matter because PNC Mortgage purchased the property "as is" and so, if PNC Mortgage has no claim against Defendants based on the condition of the property then it would follow, as a matter of law, that Plaintiffs cannot make out a cognizable claim against Defendants based on a defective condition of the property, a condition which Plaintiffs admit that they themselves were well aware of prior to the Plaintiffs purchase of the residence. See also, New Freedom Mtg. Corp. v. Globe Mtg. Corp., 281 Mich.App. 63, 73-74 (Mich.App.Ct.2008)("Mortgagees stand in the same position as any other purchaser at a foreclosure sale.")

10. Further difficulty for the Plaintiffs is their claim to the proceeds that Plaintiffs allege in the second amended complaint that Defendants received from an excavator, Fred M. Ott & Sons, Inc., while Defendants still owned the residence. (Docket No. 38 at p. 5. ¶ 26.) Here, the factual problem for Plaintiffs are twofold. First, Plaintiffs admit that Fred M. Ott & Sons, Inc., cut the cables that held a staircase in place, which is what is alleged to have damaged the staircase and which are the precise damages that Plaintiffs want to be reimbursed for now that the Plaintiffs own the residence. (Docket No. 32 at p. 4. ¶ 16.). This is conduct that cannot be attributed to Defendants as nondischargeable under §§

6

523(a)(2), (4), or (6) because Plaintiffs do not allege any intentional, willful, deliberate or wanton conduct on the part of the Defendants to purposely destroy the staircase. But arguendo, even if Plaintiffs tried to make this argument, which they do not, their claim for the money Fed M. Ott & Sons, Inc., allegedly paid to Defendants would also fail because Plaintiffs bought the property through Defendants' mortgagee, (Docket No. 38 at p. 5. ¶ 22.), and, as been shown, the mortgagee purchased the residence at foreclosure "as is". Second, the mortgagee has no claim to the insurance proceeds or to money received by Defendants from Fred M. Ott & Sons, Inc., even if Defendants received any payment from Fred Ott & Sons, Inc., because Plaintiffs, who purchased the residence from Defendants' mortgagee have no claim to the money either under Michigan law.

   11. Specifically, under Michigan law, there is no right to money or insurance proceeds after the mortgagee purchases the property and extinguishes the mortgage debt. See e.g., Emmons v. Lake States Ins. Co., 193 Mich.App. 460, 464 (Mich.Ct.App.1992)(mortgagee lost its claim to the insurance proceeds once it foreclosed on the mortgage). This is the rule announced by the Michigan Supreme Court in the case of Smith v. Gen. Mtg. Corp., 402 Mich. 125, 128 (Mich.Sup.Ct.1978)("when the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds."). In this case, following the rule announced in the Smith case, 402 Mich. 125, which black letter rule of law was adhered to by the appellate court in the Emmons case, 193 Mich.App. 460, and for the factual reasons stated earlier in this motion, Plaintiffs, according to the second amended complaint, either purchased the property from Defendants' mortgagee who purchased the residence at foreclosure. Or Plaintiffs bought the residence from someone who purchased the residence from Defendants' mortgagee. Either way, Plaintiffs cannot receive an insurance proceed or money benefit from which Defendants' mortgagee cannot make a claim, especially not after Plaintiffs purchased the residence subsequent to a foreclosure, which was purchased "as is".

7

12. If all of this does not put a stake into the heart of Plaintiffs second amended complaint then the following facts pled within the second amended complaint supply the silver bullet or bullets that most certainly does kill the plausibility of Plaintiffs claim for relief. Particularly, Plaintiffs allege that they own property located at 2714 Mizpah Park Road; Benton Harbor, Michigan, ("dominant estate"), which is adjacent to the property located at 2732 Mizpah Park Road; Benton Harbor, Michigan, ("servient estate"). (Docket No. 38 at p. 2. ¶¶ 8-10.). By Plaintiffs own admission, between sometime in August of 2005 and November 10, 2005, Plaintiffs created an easement between the dominant estate and servient estate to serve the dominant estate, which the Plaintiffs retained ownership in and then the Plaintiffs conveyed the land encompassing the servient estate to Defendants. Id. But then Plaintiffs go on to admit that they are the current owners of the property which is the servient estate. (Docket No. 38 at p. 2. ¶ 4) The servient estate was previously owned by Defendants. (Docket No. 38 at p. 2. ¶¶ 5-6). That on January 8, 2009, the servient estate owned by Defendants was sold by a sheriff's deed on mortgage sale, (Docket No. 38 at p. 5. ¶ 22). Based on this pleading, the Plaintiffs admit that they have merged the dominant estate with the servient estate by purchasing the servient estate, which was once owned by the Defendants. Put another way, Plaintiffs own the land that they once conveyed to Defendants.

13. "The union of dominant and servient estates in the same owners extinguishes prior easements. One cannot have an easement in one's own land." von Meding v. Strahl, 319 Mich. 598, 605 (Mich.Sup.Ct.1948).

14. Therefore, there is no easement to enforce against Defendants.

15. There being no plausible way that Plaintiffs can recover under a theory of unjust enrichment because the property was purchased "as is" after Defendants' mortgagee bought Defendants' property at foreclosure sale, and there being no cognizable claim to the money or insurance proceeds received from Fred M. Ott & Sons, Inc., even if money did exchange hands, as was discussed infra., leaves Plaintiffs with one final claim to hang themselves on. That remaining claim is a private nuisance

8

claim, which also fails.

16.    The private nuisance claims fails because to succeed and to make Plaintiffs' claim nondischargeable Plaintiffs must either allege fraud or false pretenses under §523(a)(2); defalcation of fiduciary duty, larceny, or embezzlement under 523(a)(4); or, Plaintiffs must alleges a willful and malicious injury by the debtor to another entity or to the property of another entity" under § 523(a)(6). Plaintiffs do none of this because they merely allege that Defendants did not maintain the staircase after it was negligently damaged by Fred Ott & Sons, Inc. (Docket No. 38 at p. 4, ¶ 16.) All of this happened, as alleged in the second amended complaint, prior to Defendants' residence being foreclosed on and after the Defendants' property was purchased at a foreclosure sale, which, for the reasons previously stated, cut-offs any recovery by Plaintiffs.

17.    Regarding §§ 523(a)(2) and (a)(4), Plaintiffs do <u>not</u> allege that Defendants committed fraud anywhere within the amended complaint. (Docket No. 38.) Instead, Plaintiffs cavalierly imply that there was a violation of a grant of easement way back distant in time prior to the Defendants' property being foreclosed on, and then from there Plaintiffs extrapolate that a private nuisance, and unjust enrichment adequately states a claim under § 523(a)(2), and (4). They are sadly mistaken.

18.    To state a claim under § 523(a)(2), a party must allege outright fraud, false pretenses, or false representation.

19.    To state a claim for fraud, a party must allege the following: (1) that a fraud occurred; (2) that the debtor intended to defraud the creditor; and (3) that the fraud created the debt that is the subject of the discharge dispute. <u>McClellan v. Cantrell</u>, 217 F.3d 890, 893 (7th Cir.2000).

20.    In this case, Plaintiffs do not allege that any fraud occurred. Instead, they merely describe a grant of easement, allege that a third-party negligently cut some cables on a beach staircase that created a nuisance, and that Defendants were unjustly enriched by not maintaining a beach staircase that Plaintiffs say they had a right to use.

9

21. Under the false pretenses or false representation prongs of § 523(a)(2)(A), the creditor must establish the following elements: (1) the debtor made a false representation of fact; (2) which the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation. Ojeda v. Goldberg, 599 F.3d 712, 716–17 (7th Cir.2010).

22. In this case, however, there is no claim that Defendants made a false representation to the Plaintiffs. There is just the bald face claim that a subcontractor mistakenly cut cables that were holding up a staircase way back in 2006. Plaintiffs allege that they had a right to use the staircase and that Defendants were somehow forever required to maintain the staircase for the benefit of the Plaintiffs but that the Defendants failed to do so. That is simple negligence, at best. That is not a false pretense or false representation.

23. Having stuck out on the possible theories under § 523(a)(2), Plaintiffs next try to hang their hat on a § 523(a)(4) claim, which is limited to defalcation of a fiduciary duty, larceny, or embezzlement. But they fail to offer any facts to support such a claim.

24. For purposes of § 523(a)(4), the definition of larceny is a matter of federal common law and is therein defined as a "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." 4 *Collier on Bankruptcy* Section 532.10[2] (15th ed. rev. 2008); see also, Kaye v. Rose (In re Rose), 934 F.2d 901 (7th Cir.1991). Intent to convert or deprive may be inferred from the totality of the circumstances and the conduct of the person accused. Kaye, 934 F.2d 901, 904. Plaintiffs do not make such a claim.

25. Nor do Plaintiffs make out a claim of embezzlement under § 523(a)(4), which has been defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Weber, 892 F.2d 534, 538 (7th Cir.1989) (quoting, Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 40 L.Ed. 422 (1895)). To

make a claim of embezzlement, Plaintiff must, at the very least, claim that the defendant appropriated the subject funds for his own benefit and did so with fraudulent intent or deceit. Weber, 892 F.2d at 538. Plaintiffs do not make such a claim.

26. Lastly, Plaintiffs do not make out any defalcation of fiduciary duty claim under § 523(a)(4) because they do not claim there is a fiduciary duty owed to them so that theory is not applicable. See e.g., Bullock v. Bank Champaign, N.A., ___ U.S.___, 133 S.Ct. 1310 (2013).

27. Having struck-out on their attempt to make out any plausible theory based on § 523(a)(2), and (4), Plaintiffs flail at resting on § 523(a)(6) claim.

28. Section 523(a)(6) provides that individual debtors may not be discharged from debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

29. To meet the requirements of §523(a)(6), the injury must be both willful and malicious.

30. The first component, that the injury be willful, requires "a deliberate or intentional *injury,* not merely…a deliberate or intentional *act* that leads to injury. Kawaauhau v. Geiger, 523 US 57, 61 (1998) (emphasis in original).

31. In other words, "unless 'the actor desires to cause the consequence of his act, or…believes that the consequences are substantially certain to result from it,' he has not committed a 'willful or malicious' injury as defined under § 523(a)(6)." Markowitz v. Campbell *(In re Markowitz),* 190 F.3d. 455, 464 (6th Cir 1999) quoting Restatement (Second) of Torts § 8A, at 15 (1964) (internal citations omitted).

32. The second component of § 523(a)(6), is that the injury be "malicious, [which] "means in conscious disregard of one's duties or without just cause or excuse." Wheeler v. Landani, 783 F2d 610, 615 (6th Cir. 1986).

33. None of the Defendants' behavior, as alleged in Plaintiffs' second amended adversary complaint, (Docket No. 38), rises to the willful and malicious standard required by § 523(a)(6).

11

34.     Regretfully for Plaintiffs, they just have not plausibly argued, let alone pled that a private nuisance, or that a claim predicated on unjust enrichment theory are nondischargeable under § 523(a)(2), (4), or (6).

35.     Because the second amended adversary complaint does not set forth any facts that would support a finding of nondischargeability of the debt under § 523(a)(2)(A), (a)(4), or (a)(6), the second amended adversary complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, Defendants, DARIUS JUSAITIS and LINA CONNER, respectfully request that this Honorable Court enter a final Order dismissing the Plaintiffs' second amended complaint, (Docket No. 38), with prejudice, for failure to state a claim for which relief may be granted, for an award of attorneys' fees and costs, pursuant to 11 U.S.C. § 523(d), and for all other relief that is just under the circumstances.

    Respectfully submitted,

    DARIUS JUSAITIS and LINA CONNER,
    Defendants

    By: s/Nicholas C. Kefalos_____,
        One of their attorneys.

Dated:  December 11, 2013

Nicholas C. Kefalos, P.C.
VERNOR MORAN, LLC
27 North Wacker Drive, Suite 2000
Chicago, Illinois 60606-2800
(312) 264-4460  (office)
(312) 264-4461  (fax)

nkefalos@vernormoran.com

IL ARDC No. 6270051